# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1) The dismissal with prejudice of those portions, and only those portions, of claims in the Complaint against Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), ("Sandoz") relating to the federal share of overpayments by the Texas Medicaid Program, as set forth in and limited by, the Settlement Agreement and Release (attached hereto as Exhibit 1), and

(2) The entry of the proposed Order of Dismissal of Certain Claims with Prejudice in the form provided for in the Settlement Agreement and Release and attached hereto as Exhibit 2.

The United States has concluded that the amount of $24,750,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,


TONY WEST
Assistant Attorney General

CARMEN M. ORTIZ
United States Attorney

George B. Henderson, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272

*Laurie A. Oberembt*

Joyce R. Branda
Daniel R. Anderson
Laurie A. Oberembt
U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044
(202) 514-3345


DATE:  August 19, 2011

**EXHIBIT 1 TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. §**
**3730 (b) (1)**

**(SETTLEMENT AGREEMENT AND RELEASE)**

**CAUSE NO. D-1-GV-07-001259**
**CAUSE NO. D-1-GV-09-001839**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs*, | § | TRAVIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| SANDOZ INC. f/k/a GENEVA | § | |
| PHARMACEUTICALS, INC., | § | |
| | § | |
| | § | |
| *Defendant.* | § | |
| | § | 201st JUDICIAL DISTRICT |

----------------------------------------------   ------------------------------------------------------

AND

----------------------------------------------   ------------------------------------------------------

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel* | § | |
| | § | |
| | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| EON LABS, INC., and LEK | § | |
| PHARMACEUTICALS, INC. | § | |
| | § | |
| *Defendants.* | § | 200th JUDICIAL DISTRICT |

----------------------------------------------   ------------------------------------------------------

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

### <u>Part I: Parties</u>

This Settlement Agreement (the "Agreement") is entered into by and between the STATE of TEXAS ("STATE"), Ven-A-Care of the Florida Keys, Inc. ("Relator"), (collectively referred to as "Plaintiffs"); and Sandoz Inc. (*f/k/a* Geneva Pharmaceuticals, Inc.), Eon Labs, Inc. and Lek Pharmaceuticals, Inc. (collectively referred to as "Defendants"), (the Plaintiffs and Defendants shall be collectively referred to as the "Parties"), through their authorized representatives.

### <u>Part II: Preamble</u>

As a preamble to this Agreement, the Parties agree to the following:

A.      Sandoz Inc. ("Sandoz") is a corporation organized under the laws of Colorado engaged in the business of manufacturing and selling pharmaceuticals with its principal place of business in New Jersey.

B.      Eon Labs, Inc. ("Eon") is a corporation organized under the laws of Delaware engaged in the business of manufacturing and selling pharmaceuticals with its principal place of business in New Jersey.

C.      Lek Pharmaceuticals, Inc. ("Lek") is a corporation organized under the laws of Delaware engaged in the business of distributing pharmaceutical products with its principal place of business in North Carolina.

D.      On or about June 20, 2007, Plaintiffs initiated a lawsuit against certain defendants, including Sandoz and Eon, in the District Court of Travis County, Texas, 201st Judicial District, captioned *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Sandoz Inc., et al.,* Cause D-1-GV-07-001259 (the "Sandoz Lawsuit").  On or about September 11, 2009, the STATE non-

suited its claims against Eon out of the Sandoz Lawsuit. On or about September 24, 2009, Plaintiffs initiated a lawsuit against Eon and Lek, in the District Court of Travis County, Texas, 200th Judicial District, captioned *State of Texas ex. rel. Ven-A-Care of the Florida Keys, Inc. v. Eon Labs, Inc. and Lek Pharmaceuticals, Inc., et al.*, Cause No. D-1-GV-09-001839 (the "Eon/Lek Lawsuit"). (The Sandoz Lawsuit and the Eon/Lek Lawsuit are collectively referred to hereinafter as the "Lawsuit.") As alleged in the Third Amended Petition, filed on or about September 11, 2009 in the Sandoz Lawsuit, and the First Amended Petition, filed on or about September 24, 2009 in the Eon/Lek Lawsuit, Plaintiffs contend that the STATE has civil claims against Defendants under the Texas Medicaid Fraud Prevention Act, TEX. HUM. RES. CODE ANN. chapter 36, for allegedly unlawful acts committed by Defendants pertaining to the inclusion of certain of Defendants' products on the Texas Drug Code Index ("TDCI"). Specifically, Plaintiffs contend that Defendants have committed unlawful acts or omissions, as defined by TEX. HUM. RES. CODE ANN. § 36.002, in connection with their submission of pricing information to the Texas Medicaid Vendor Drug Program ("Texas VDP") for the purpose of including certain of Defendants' products on the TDCI.

E.      Defendants' specific drugs that are the subject of the Lawsuit are set forth in the Lawsuit pleadings. The release contained herein is intended to include all products that are the subject of the Lawsuit and all products with labeler codes 00781, 50752, 00003, 00015, 00087, 59772, 62269, 66685, 54643, 00185 and 66758, sold, marketed or distributed by Defendants whether or not they are specifically named in the Lawsuit (the "Covered Drugs").

F.      This Agreement covers all conduct that has occurred prior to the Effective Date of this Agreement in connection with the submission of or the failure to submit pricing information to

the Texas VDP for the Covered Drugs, including, but not limited to, all acts or omissions that were or could have been expressly alleged against Defendants in any of the Petitions filed in the Lawsuit as of the Effective Date of this Agreement in connection with their submission of pricing information to Texas VDP for the purpose of including certain of Defendants' products on the TDCI (the "Covered Conduct"). Defendants understand that this settlement resolves Plaintiffs' claims attributable only to the Covered Conduct.

G.       On or about April 10, 2000, the Relator filed a *qui tam* action in the United States District Court for the District of Massachusetts captioned *United States ex rel Ven-A-Care of the Florida Keys, Inc.* v. *Dey et al.*, Civil Action No. 00-10698 (D. Mass.) asserting claims against one or more of the Defendants. That complaint was amended under seal on February 1, 2002 and again on February 15, 2005 and alleged claims against one or more of the Defendants seeking recovery under the federal False Claims Act (31 U.S.C.§ 3728, *et seq.*) based upon, *inter alia*, the Covered Conduct. That complaint was further amended and unsealed on May 21, 2008. These claims and proceedings are referred to collectively as the "Federal *Qui Tam* Proceedings." It is the intent of the Parties that this settlement release all claims related to the Covered Conduct, including such claims currently included in the Federal *Qui Tam* Proceedings, and that the Relator not share twice in the same recovery. Therefore, the Relator is hereby releasing its claims against Defendants arising from the Covered Conduct, including any claims for attorneys' fees, expenses or a Relator's share, and will not pursue such claims in any forum, including in the Federal *Qui Tam* Proceedings.

H.       Defendants deny all of the Plaintiffs' claims and allegations and deny that they have any liability relating to such claims and allegations. Defendants have asserted various defenses to

Plaintiffs' claims. This Agreement does not constitute an admission of fault or liability by Defendants, nor does it constitute evidence of any liability or unlawful conduct on the part of Defendants, and the Plaintiffs will not urge or seek to admit this Agreement as evidence in any investigation, administrative proceeding, or federal or state court or arbitration proceeding other than a proceeding to enforce this Agreement.

I.      In order to avoid the delay, uncertainty, inconvenience and expense of protracted litigation of Plaintiffs' claims, and as a result of a mutual desire to settle their disputes, the Parties have reached a full and final settlement as set forth in this Agreement.

J.      Plaintiffs represent to Defendants, subject only to the Relator's rights as a *qui tam* plaintiff under applicable state and federal law to participate in this Agreement and to receive a percentage of the Settlement Amount, that no interest in any claim herein released has been assigned by them to any third party.

K.      The STATE has concluded that this settlement is in the public interest.

**Part III: Terms and Conditions**

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

A.      **Incorporation of Representations**

The foregoing Preamble is incorporated herein.

B.      **The Settlement Payment**

(1)     Defendants agree to pay the sum of **SIXTY-SIX MILLION DOLLARS ($66,000,000.00)** (the "Settlement Amount") in full settlement of all claims by Plaintiffs arising

from the Covered Conduct, including claims for attorneys' fees, penalties, treble damages, punitive damages, costs and expenses of every kind and however denominated. Defendants shall make payment of the Settlement Amount by check or wire transfer pursuant to written instructions to be supplied to Defendants' counsel as per Paragraph III.B.(2) below. The Settlement Amount shall be allocated as follows, such allocation to be the sole responsibility of Plaintiffs:

| i.) | Payee | Allocation | Amount |
|---|---|---|---|
| ii.) | The State of Texas | State of Texas Share (After deduction of Texas Relator Share Pursuant to the Texas Medicaid Fraud Prevention Act) | $19,345,520 |
| iii.) | The State of Texas | Texas Attorney General Fees and Costs | $3,000,000 |
| iv.) | The State of Texas | State of Texas Outside counsel Fees and Costs | $10,512,000 |
| v.) | The United States of America | United States Share (Relator share pursuant to the federal False Claims Act to be paid by the United States) | $24,750,000 |
| vi.) | As Specified by Counsel for the Relator, Ven-A-Care of the Florida Keys, Inc. | Relator's Attorneys' Fees and Costs | $3,250,000 |
| vii.) | As Specified by Counsel for the Relator, Ven-A-Care of the Florida Keys, Inc. | Texas Relator Share Pursuant to the Texas Medicaid Fraud Prevention Act | $5,142,480 |
| | Total | | $66,000,000 |

(2)     **THIS PARAGRAPH CONTAINS AN INDEMNITY AND HAS BEEN READ CAREFULLY BY RELATOR.**  The payment of the STATE's share of the Settlement Amount and for the Office of Attorney General's ("OAG") attorneys' fees and costs, and of the State's outside counsel attorneys' fees and costs ($32,857,520.00), shall be delivered in accordance with instructions from Raymond Winter, Chief, Civil Medicaid Fraud Section, at the OAG of Texas. The payment of the Relator's share of the Texas portion of the Settlement Amount and the Relator's attorney fees and costs ($8,392,480.00) shall be delivered in accordance with instructions from James J. Breen, Relator's counsel.  The payment of the United States' share of the Settlement Amount ($24,750,000.00) shall be delivered in accordance with instructions from Laurie Oberembt, United States Department of Justice, Senior Trial Attorney.  Counsel for the STATE, for the Relator and for the United States shall provide Defendants with payment instructions not later than two (2) business days after the Relator provides to Defendants' counsel a true and correct copy of the United States' Consent to Relator's Partial Dismissal of the Federal *Qui Tam* Proceedings as provided for in Paragraph III.B.(4) below.  In the event payments are made by wire transfer, the Parties will cooperate to exchange wiring and routing instructions so that such payments can be promptly made.  **The Relator expressly INDEMNIFIES and holds the Defendant Released Parties (hereinafter defined) harmless from and against any and all claims by persons or entities who have represented the Relator in connection with the claims released herein for: (1) attorneys' fees, costs, and expenses; or (2) any portion of the Settlement Amount.**

(3)     Defendants shall make payment to Plaintiffs and the United States, in accordance with Paragraph III.B.(2) above, not later than 5:00 p.m. (Central Daylight Time) of the fifth

business day after the Effective Date of this Agreement as contemplated in Paragraph III.W. below.

(4)  While the United States is not a signatory to this Agreement, the settlement of Plaintiffs' claims embodied herein is expressly conditioned upon Defendants' receipt and acceptance as satisfactory of the United States' written consent, in the form attached hereto as Exhibit 3, to the Relator's partial dismissal with prejudice of claims against Defendants for the Covered Conduct in the Federal *Qui Tam* Proceedings relating to the Texas Medicaid program.

(5)  If the United States' consent is not in the form attached hereto as Exhibit 3, Defendants shall have seven (7) business days following their receipt of the United States' written consent, pursuant to Paragraph III.B.(4) above, in which to inform counsel for Plaintiffs in writing whether or not the United States' consent is satisfactory to Defendants. Should Defendants fail to object to the written consent of the United States within seven (7) business days of their receipt of such consent, Defendants will be deemed to have accepted the consent as satisfactory and this Agreement shall become effective, as provided in Paragraph III.W. below. Should Defendants object to the consent and so inform counsel for Plaintiffs in writing of their objection consistent with this Paragraph III.B.(5), or should Plaintiffs inform Defendants in writing that the United States has refused to provide the written consent contemplated by Paragraph III.B.(4), then Defendants shall have seven (7) business days from the date Defendants inform counsel for Plaintiffs in writing of their objection or the date upon which Plaintiffs inform Defendants in writing of the United States' refusal, in which to inform counsel for the Plaintiffs in writing that either: (a) the Defendants waive the condition set forth in Paragraph III.B.(4) above and will proceed with the settlement; or (b) this Agreement is null and void. If Defendants waive the

condition set forth in Paragraph III.B.(4) above and proceed with the settlement, then this Agreement shall become effective, as provided in Paragraph III.W. below, on the date upon which Defendants inform counsel for Plaintiffs in writing of their waiver of the condition set forth in Paragraph III.B.(4) above. The rights provided Defendants in Paragraph III.B.(4) above and this Paragraph III.B.(5) are solely within the authority of Defendants to exercise, and Plaintiffs shall have no right to terminate this Agreement for a failure of the condition set forth in Paragraph III.B.(4) above.

 **C.**  <u>Plaintiffs: Release of Defendants</u>

 (1)  In consideration of the obligations of Defendants set forth in this Agreement, and conditioned upon Defendants' payment in full of the Settlement Amount specified herein, the STATE (on behalf of itself, its agencies, agents, employees, servants, attorneys and departments), and the Relator (on behalf of itself, its officers, agents, employees, servants, affiliates, subsidiaries, directors and attorneys) fully and finally release Defendants, their predecessors, successors and assigns as well as their respective current and former parents, subsidiaries, affiliates, directors, officers, employees, agents, shareholders and attorneys (collectively, the "Defendant Released Parties") from any claim, action, suit or proceeding of any kind arising from the Covered Conduct (including those for attorneys' fees, penalties, treble damages, punitive damages, costs, and expenses of every kind and however denominated) that the STATE and/or Relator (on behalf of itself or any other person or entity) have or may have or could assert in the future under any source of law. The payment of the Settlement Amount fully discharges the Defendant Released Parties from any civil or administrative obligation to the STATE related to the Covered Conduct. The Office of the Attorney General of Texas and/or the Relator shall not initiate or prosecute (directly

or indirectly) litigation or proceedings of any kind based on the Covered Conduct against any of the Defendant Released Parties on behalf of any person or entity, including the United States.

(2)     In consideration of the obligations of Defendants set forth in this Agreement, conditioned upon Defendants' payment in full of the Settlement Amount specified herein, the STATE releases and agrees to refrain from instituting, directing or maintaining any action seeking exclusion from the Texas VDP or any other Texas Medicaid program against any of the Defendant Released Parties for the Covered Conduct, or seeking to impose a Corporate Integrity Agreement on any of the Defendant Released Parties based on the Covered Conduct.

### D.      Defendant: Release of the STATE and the Relator

(1)     Defendants fully and finally release the STATE, and its agencies, as well as its current and former agents, employees, servants, attorneys and departments from any claims based on events occurring prior to the Effective Date of this Agreement (including those for attorneys' fees, costs, and expenses of every kind and however denominated) which Defendants have asserted, could assert, or may assert in the future against the STATE, its agencies, agents, employees, servants, attorneys and departments, arising from the Covered Conduct and the Plaintiffs' investigation and prosecution thereof.  Notwithstanding the aforesaid, nothing in this provision shall release any accounts receivable unrelated to the Covered Conduct due from the STATE, or from any agency or instrumentality of the STATE.  This provision is not intended to release claims unrelated to the Covered Conduct.

(2)     Defendants fully and finally release the Relator, and its predecessors, successors and assigns as well as its current and former parents, subsidiaries, affiliates, directors, officers, employees, agents, shareholders and attorneys (collectively, the "Relator Released Parties") from

any claims based on events occurring prior to the Effective Date of this Agreement (including attorneys' fees, costs, and expenses of every kind and however denominated) which Defendants have asserted, could assert, or may assert in the future against the Relator Released Parties to the extent they are related to the Covered Conduct and the Plaintiffs' investigation and prosecution thereof. This provision is not intended to release claims unrelated to the Covered Conduct.

E.      **Limitations on Release**

Notwithstanding any other terms of this Agreement, including the release provisions in Paragraphs III.C.(1) and (2) and III.D.(1) and (2) above, specifically reserved and excluded from the scope and terms of this Agreement, and from the scope and terms of the releases, as to any entity or person (including Defendants), are any and all of the following:

(1)     Any claims based upon such obligations as are created by this Agreement;

(2)     Any express or implied product or service warranty claims or other claims for defective or deficient products or services, including quality of goods and services, provided by Defendants;

(3)     Any subrogation rights to claims for personal injury or property damage arising from usage by a participant in the Medicaid program of any of the Covered Drugs;

(4)     Any claims based on a failure by Defendants to deliver products or services due;

(5)     Any claims arising from Defendants' obligation to pay rebates to the STATE, if any, under any law or contract, including, but not limited to the provisions of the Omnibus Budget Reconciliation Act of 1990 ("OBRA 90") and any amendments thereto;

(6)     Any claims that the Relator may have under any provision of 31 U.S.C.A. §§ 3729-3733 (the federal False Claims Act), except for any claim for Medicaid overpayments by the Texas Medicaid Program or the United States, but only with respect to the Texas Medicaid program, arising from the Covered Conduct (such claims having been released in Paragraphs III.C.(1) and (2) above); and

(7)     Any claims that the Relator may have under the *qui tam* provisions of the laws of any state other than Texas, except for any claim for Medicaid overpayments by the Texas Medicaid Program or the United States arising from the Covered Conduct (such claims having been released in Paragraphs III.C.(1) and (2) above).

### F.     Corporate Integrity Agreement

Should Defendants enter into a Corporate Integrity Agreement with the Office of the Inspector General of the United States Department of Health and Human Services ("OIG"), relating to the Covered Conduct, Defendants acknowledge that the OIG may share information provided under the Corporate Integrity Agreement with the STATE.

### G.     No Waiver or Release of Claims Against Other Persons

This Agreement is intended to be solely for the benefit of the Parties and persons and entities released and, except as stated herein, the Parties do not by this instrument release any claims against any other person or entity, including any individual or entity that purchased drugs or pharmaceutical products from Defendants.  No word, term, phrase or definition in this Agreement is or may be used for the benefit of any person, entity or litigant who is not a signatory to, or released by this Agreement.

### H.     Dismissal of Action

Not later than five (5) business days following payment of the Settlement Amount pursuant to Paragraph III.B.(3) above: 1.) the STATE and the Relator will execute and file agreed motions to dismiss and agreed orders (in the forms collectively attached hereto as Exhibit 1) dismissing with prejudice any lawsuit and all claims contained therein (including the Lawsuit) against Defendants based on the Covered Conduct; 2.) the Relator shall execute and file the Stipulation to Partial Dismissal and agreed Orders (in the form attached hereto as Exhibit 2) and the U.S. Consent to Partial Dismissal (in the form attached hereto as Exhibit 3) in the Federal *Qui Tam* Proceedings (unless waived at the sole discretion of Defendants pursuant to Paragraph III.B.(5)); and 3.) provide copies of such executed stipulation, motions and orders to counsel for Defendants.

## I.      No Impairment or Creation of Rights

Nothing in this Agreement shall be construed to abrogate or alter any future obligation of Defendants pursuant to the law of the STATE.

## J.      No Waiver of Sovereign Immunity

Nothing in this Agreement shall be construed to create a waiver of the STATE's Sovereign Immunity except as to a proceeding to enforce this Agreement.

## K.      Exclusive Venue for Enforcement of Agreement

Any Party shall be entitled to enforce the terms of this Agreement in the District Courts of Travis County, Texas, which shall have exclusive jurisdiction and venue over any such action, except that, to the extent that any such enforcement shall involve or effect the Federal *Qui Tam* Proceedings or the interests of the United States, then exclusive jurisdiction shall be in the United States District Court for the District of Massachusetts.

## L.      Complete Agreement

This Agreement, including all exhibits, constitutes the complete agreement between the Parties and may not be amended except by written consent of the Parties.

**M.**     **Costs**

Except as otherwise provided herein, each Party to this Agreement will bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

**N.**     **Choice of Law**

This Agreement shall be governed by the laws of the State of Texas, except to the extent otherwise governed by federal law.

**O.**     **Notification**

Unless otherwise stated in writing subsequent to the Effective Date of this Agreement, all notifications and communications made pursuant to this Agreement shall be submitted to the entities listed below:

(a)     STATE for all purposes:

> RAYMOND C. WINTER
> OFFICE OF THE ATTORNEY GENERAL
> Chief, Civil Medicaid Fraud Division
> P O Box 12548
> Austin, Texas  78711-2548

(b)     RELATOR for all purposes:

> JAMES J. BREEN, ESQ.
> SUITE 260
> 5755 Northpoint Parkway
> Alpharetta, GA 30022

(c)     Defendants for all purposes:

> Sandoz Inc.

506 Carnegie Center, Suite 400
Princeton, NJ 08540
Attn: General Counsel

**P.      Defendants: No Duress**

Defendants represent that this Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever.

**Q.      Relator: Agreement Reasonable**

The Relator agrees that this Agreement is fair, adequate, and reasonable.

**R.      Authorization**

The Parties have read the foregoing Agreement and accept and agree to the provisions contained herein and hereby have caused this Agreement to be signed as of the day and date adjacent to their respective signatures.  The undersigned individuals signing this Agreement on behalf of any Defendant represent(s) and warrant(s) that they are authorized by that Defendant to execute this Agreement.  The undersigned STATE signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.  The Relator's attorney, James J. Breen, and its president, T. Mark Jones represent that they are duly authorized to sign this Agreement on behalf of the Relator.

**S.      No Other Representations or Promises**

The Parties represent and acknowledge that in entering into this Agreement they are not relying on any promises or representations other than those expressly set forth in this Agreement and its exhibits.

**T.      Counterparts**

This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall be deemed to constitute one and the same Agreement. Facsimile or .pdf signatures shall be valid signatures as of the date thereof.

**U.**     **Acts Necessary to Effectuate Agreement**

Each Party agrees to perform such further acts and to execute and to deliver such further documents as may reasonably be necessary to carry out this Agreement.

**V.**     **Captions Are for Convenience Only**

The bold-face paragraph captions in this Agreement are for convenience only and do not add to, detract from or change the substantive language or terms of this Agreement.

**W.**     **Effective Date**

The Effective Date of this Agreement shall be on the seventh business day following the Defendants receipt of the written consent of the United States required pursuant to Paragraph III.B.(4) in the form attached hereto as Exhibit 3. However, if such consent is not provided in the form attached hereto as Exhibit 3, then the Effective Date of this Agreement shall be the later of, (a) the expiration without objection of Defendants' time to object to the adequacy of the written consent required pursuant to Paragraph III.B.(4) above as set forth in Paragraph III.B.(5) above; or (b) the date upon which Defendants inform counsel for Plaintiffs of their waiver of the condition set forth in Paragraph III.B.(4) as provided in Paragraph III.B.(5) above.

**X.**     **Independent Investigation**

The Parties understand, acknowledge and agree that (i) they have each performed an independent investigation of the allegations of fact and law made in connection with the Lawsuit and (ii) they each may hereafter discover facts in addition to, or different from, those that they now

know or believe to be true with respect to the subject matter of this Agreement.  Nevertheless, it is the Parties' intention to resolve their disputes pursuant to the terms of this Agreement and, thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and the Agreement shall not be subject to rescission or modification by reason of any change or difference in facts or law.  The Parties further understand, acknowledge and agree that discovery was ongoing in the Lawsuit and was the subject of discovery disputes.  Notwithstanding such disputes and that discovery was ongoing, it is the Parties' intention to resolve their disputes pursuant to the terms of the Agreement.

**STATE of TEXAS**
**Office of the Attorney General**

By: _____

Date: _____

Raymond C. Winter, Esq.
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

**Texas Health & Human Services**
**Commission**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Sandoz Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Eon Labs, Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Lek Pharmaceuticals Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**STATE of TEXAS**
**Office of the Attorney General**

By: _____

Date: _____

Raymond C. Winter, Esq.
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

**Texas Health & Human Services**
**Commission**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Defendant Sandoz Inc.**

By: _____

Date: 5/9/11

Printed Name: Don DeGolyer

Title: President & Head, North America
Sandoz Inc.

**Defendant Eon Labs, Inc.**

By: _____

Date: 5/9/11

Printed Name: Don DeGolyer

Title: President & Head, North America
Sandoz Inc.

**Defendant Lek Pharmaceuticals Inc.**

By: _____

Date: 5/9/11

Printed Name: Don DeGolyer

Title: President & Head, North America
Sandoz Inc.

**STATE of TEXAS**
**Office of the Attorney General**

By: _Raymond C Winter_

Date: _5/10/11_

Raymond C. Winter, Esq.
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

**Texas Health & Human Services**
**Commission**

By: _Thomas Suel_

Date: _5/4/11_

Printed Name: _Thomas Suole_

Title:_____

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Sandoz Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Eon Labs, Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

**Defendant Lek Pharmaceuticals Inc.**

By: _____

Date: _____

Printed Name: _____

Title:_____

18

**STATE of TEXAS**
**Office of the Attorney General**

By: _____

Date: _____

Raymond C. Winter, Esq.
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548

**Texas Health & Human Services**
**Commission**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Relator, Ven-A-Care of the Florida Keys,**
**Inc.**

By: _~~Mark Jones~~_____

Date: _4/28/2011_____

Printed Name: _T MARK JONES_____

Title: _PRESIDENT_____

**Defendant Sandoz Inc.**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Defendant Eon Labs, Inc.**

By: _____

Date: _____

Printed Name: _____

Title: _____

**Defendant Lek Pharmaceuticals Inc.**

By: _____

Date: _____

Printed Name: _____

Title: _____

**EXHIBIT 1**

**CAUSE NO. D-1-GV-07-001259**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
| VEN-A-CARE OF THE | § | |
| FLORIDA KEYS, INC. | § | |
| | § | |
| *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| SANDOZ INC. f/k/a GENEVA | § | 201st JUDICIAL DISTRICT |
| PHARMACEUTICALS, INC. | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF SANDOZ INC. f/k/a GENEVA PHARMACEUTICALS, INC.

The above-captioned matter is an action brought under the *qui tam* provisions of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §36.001, *et seq.* ("TMFPA"), by the State of Texas ("Texas"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator" together with Texas "Plaintiffs"), against Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.) ("Sandoz") (all of the foregoing parties together, the "Parties").

The Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto.

Respectfully submitted,

By:_____
JAMES J. BREEN
The Breen Law Firm, P.A.

5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

By:_____
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1709

Counsel for The State of Texas


By:_____
JOSEPH R. KNIGHT
Baker Botts LLP
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Michael J. Gallagher (admitted *pro hac vice*)
Paul B. Carberry (admitted *pro hac vice*)
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendant Sandoz Inc.

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
|     VEN-A-CARE OF THE | § | |
|     FLORIDA KEYS, INC. | § | |
| | § | |
|     *Plaintiffs,* | § | TRAVIS COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| SANDOZ INC. f/k/a GENEVA | § | 201st JUDICIAL DISTRICT |
| PHARMACEUTICALS, INC. | § | |
| | § | |
| | § | |
|     *Defendants.* | § | |

## ORDER OF DISMISSAL WITH PREJUDICE OF SANDOZ INC. f/k/a GENEVA PHARMACEUTICALS, INC.

Before the Court for consideration is the Joint Stipulation of Dismissal With Prejudice and Motion for Order of Dismissal With Prejudice of Sandoz Inc. f/k/a Geneva Pharmaceuticals, Inc. (the "Stipulation") filed by the State of Texas, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.) ("Sandoz") (all of the foregoing parties together, the "Parties"). Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate and reasonable under the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the

terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2.    Each party shall be responsible for its own expenses, attorneys' fees and costs.

3.    The Court shall retain jurisdiction to enforce the terms, conditions and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

This Order shall thus be effective immediately when signed.

IT IS SO ORDERED this _____ day of _____, 2011

_____
Hon. John K. Dietz

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
|     VEN-A-CARE OF THE | § | |
|     FLORIDA KEYS, INC. | § | |
| | § | |
|     *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| EON LABS, INC. and LEK | § | |
| PHARMACEUTICALS, INC., | § | |
| | § | |
|     *Defendants.* | § | |
| | § | 200th JUDICIAL DISTRICT |
| | § | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE OF EON LABS, INC. AND LEK PHARMACEUTICALS, INC.

The above-captioned matter is an action brought under the *qui tam* provisions of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §36.001, *et seq.* ("TMFPA"), by the State of Texas ("Texas"), the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator" together with Texas "Plaintiffs"), against Eon Labs, Inc. and Lek Pharmaceuticals, Inc. ("Defendants") (all of the foregoing parties together, the "Parties").

The Parties hereby stipulate to the entry of an order dismissing the "Released Claims" relating to or arising from the "Covered Conduct" (as the terms in quotations are defined in the attached Settlement Agreement and Release) and respectfully request that the Court enter an order in the form attached hereto.

Respectfully submitted,


By:_____
JAMES J. BREEN

The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator

By:_____
RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division
Office of the Attorney General of Texas
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1709

Counsel for The State of Texas


By:_____
JOSEPH R. KNIGHT
Baker Botts LLP
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501

Michael J. Gallagher (admitted *pro hac vice*)
Paul B. Carberry (admitted *pro hac vice*)
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendants Eon Labs, Inc. and
Lek Pharmaceuticals, Inc.

# CAUSE NO. D-1-GV-09-001839

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| *ex rel.* | § | |
|     VEN-A-CARE OF THE | § | |
|     FLORIDA KEYS, INC. | § | |
| | § | |
|      *Plaintiffs,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| EON LABS, INC. and LEK | § | |
| PHARMACEUTICALS, INC., | § | |
| | § | |
|     *Defendants.* | § | |
| | § | 200th JUDICIAL DISTRICT |
| | § | |

## ORDER OF DISMISSAL WITH PREJUDICE OF EON LABS, INC. AND LEK PHARMACEUTICALS, INC.

Before the Court for consideration is the Joint Stipulation of Dismissal With Prejudice and Motion for Order of Dismissal With Prejudice of Eon Labs, Inc and Lek Pharmaceuticals, Inc. (the "Stipulation") filed by the State of Texas, the Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator"), and Eon Labs, Inc and Lek Pharmaceuticals, Inc. ("Defendants") (all of the foregoing parties together, the "Parties"). Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate and reasonable under the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1.    Consistent with the terms of the Settlement Agreement and Release, attached as Exhibit A, all claims asserted or that could have been asserted by the Plaintiffs in the above-captioned Civil Action (the "Released Claims") arising from the "Covered Conduct" (as the

terms in quotations are defined in the attached Settlement Agreement and Release) are dismissed with prejudice.

2. Each party shall be responsible for its own expenses, attorneys' fees and costs.

3. The Court shall retain jurisdiction to enforce the terms, conditions and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate with respect to this Order.

This Order shall thus be effective immediately when signed.

IT IS SO ORDERED this _____ day of _____, 2011

_____

Hon. John K. Dietz

**EXHIBIT 2**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| ———————————————— | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## STIPULATION OF DISMISSAL WITH PREJUDICE
## OF CERTAIN CLAIMS AGAINST SANDOZ
## AND MOTION FOR ORDER OF DISMISSAL WITH PREJUDICE

The above-captioned matter is an action brought under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§3729-3733, by Relator, Ven-A-Care of the Florida Keys, Inc. (the "Relator") against Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), ("Sandoz") (Sandoz together with Relator collectively the "Parties").

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b) (1), and in accordance with the terms and limitations of the Consent Of The United States Of America To The Relator's Dismissal With Prejudice Of Certain Claims Pursuant To 31 U.S.C. § 3730 (b) (1) (the "Consent Of The United States") (attached hereto as Exhibit A) and of the Settlement Agreement and Release (attached as Exhibit 1 to the Consent Of The United States), the Parties hereby stipulate to the entry of an order dismissing certain claims in the Complaint against Sandoz that are identified in, and subject to the limitations, exceptions and exclusions of, the Settlement Agreement and Release.

The Parties further stipulate that any claim the Relator or its counsel have, with respect to the dismissed Texas-related claims, to a Relator's share or for expenses, attorneys' fees, and costs shall, except as set forth in the Settlement Agreement, not be the responsibility of Sandoz.

WHEREFORE, to permit them to effectuate the terms of partial settlement, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b) (1), the Parties respectfully request that the Court enter an order in the form attached to the Consent of the United States as Exhibit 2 and attached hereto as Exhibit B.

Respectfully submitted,


_____/s/ James J. Breen_____
JAMES J. BREEN
The Breen Law Firm, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 740-0008

Counsel for Relator


_____/s/_____
Joseph A. Angland
WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Tel.: 212-819-8200
Fax.: 212-354-8113
jangland@whitecase.com

Counsel for Sandoz

Dated: _____ ___, 2011

<u>**EXHIBIT A**</u>
<u>**TO STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN**</u>
<u>**CLAIMS AGAINST SANDOZ AND MOTION FOR ORDER OF**</u>
<u>**DISMISSAL WITH PREJUDICE**</u>

**(CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS**
**PURSUANT TO 31 U.S.C. § 3730 (b) (1))**

**EXHIBIT B**
**TO STIPULATION OF DISMISSAL WITH PREJUDICE OF CERTAIN**
**CLAIMS AGAINST SANDOZ AND MOTION FOR ORDER OF**
**DISMISSAL WITH PREJUDICE**

**(PROPOSED ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS**
**AGAINST SANDOZ)**

**EXHIBIT 3**

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| _____ | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. § 3730 (b) (1)

Pursuant to 31 U.S.C. § 3730(b) (1), the United States hereby consents to:

(1)     The dismissal with prejudice of those portions, and only those portions, of claims in the Complaint against Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), ("Sandoz") relating to the federal share of overpayments by the Texas Medicaid Program, as set forth in and limited by, the Settlement Agreement and Release (attached hereto as Exhibit 1), and

(2)     The entry of the proposed Order of Dismissal of Certain Claims with Prejudice in the form provided for in the Settlement Agreement and Release and attached hereto as Exhibit 2.

The United States has concluded that the amount of $24,750,000 that it will receive in connection with the settlement is fair, adequate, and reasonable as to the United States under all the circumstances.

Respectfully submitted,


TONY WEST
Assistant Attorney General


By: _____

U.S. Department of Justice, Civil Division
P.O. Box 261, Ben Franklin Station
Washington, D.C. 20044


Dated: _____ ___, 2011

**EXHIBIT 1 TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. §**
**3730 (b) (1)**

**(SETTLEMENT AGREEMENT AND RELEASE)**

**EXHIBIT 2 TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. §**
**3730 (b) (1)**


**(CONSENTED TO FORM OF ORDER OF DISMISSAL WITH PREJUDICE OF**
**CERTAIN CLAIMS AGAINST SANDOZ)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

In re:                                          )        MDL No. 1456
                                                )        Civil Action No. 01-12257-
PBS                                             )
PHARMACEUTICAL INDUSTRY                         )
AVERAGE WHOLESALE PRICE                         )        Subcategory No. 06-11337
LITIGATION                                      )
                                                )
_____                 )
                                                )
THIS DOCUMENT RELATES TO:                       )
*United States of America ex rel. Ven-A-Care of*)        Judge Patti B. Saris
*the Florida Keys, Inc., by and through its principal* )
*officers and directors, Zachary T. Bentley and* )
*T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* )

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST SANDOZ

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions

of the federal False Claims Act (31 U.S.C. §§3729-3733), Relator Ven-A-Care of the Florida

Keys, Inc. (the "Relator") and Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), ("Sandoz")

(Sandoz together with Relator collectively the "Parties") filed with this Court, a Stipulation of

Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against

Sandoz providing for the dismissal of claims, and only those claims, relating to the Texas

Medicaid Program. Upon due consideration of the Stipulation and the Parties' Settlement

Agreement and Release, the United States' Consent, the lack of objection to the proposed

Settlement, and the Court's determination that the Settlement Amount appears to the Court to be

fair, adequate, and reasonable under all the circumstances, the Court hereby approves the

Settlement.

WHEREFORE, IT IS ORDERED, that

1.     Consistent with the terms of the Settlement Agreement and Release (attached to the Consent of the United States as Exhibit 1), the above captioned Civil Action is dismissed, in part, with prejudice as to Sandoz only as to the claims relating to the federal share of Medicaid overpayments by the Texas Medicaid Program.

2.     This Order resolves all claims against Sandoz for the federal share of Medicaid program payments by the Texas Medicaid Program and brought in the above-captioned Civil Action.  This Order shall in no way prejudice or limit any claims for a state's share or for the federal share of Medicaid overpayments relating to any state other than Texas.

3.     Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4.     The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT 2 TO**
**CONSENT OF THE UNITED STATES OF AMERICA TO THE RELATOR'S**
**DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS PURSUANT TO 31 U.S.C. §**
**3730 (b) (1)**


**(CONSENTED TO FORM OF ORDER OF DISMISSAL WITH PREJUDICE OF**
**CERTAIN CLAIMS AGAINST SANDOZ)**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | MDL No. 1456 |
| | ) | Civil Action No. 01-12257- |
| PBS | ) | |
| PHARMACEUTICAL INDUSTRY | ) | Subcategory No. 06-11337 |
| AVERAGE WHOLESALE PRICE | ) | |
| LITIGATION | ) | |
| | ) | |
| | ) | |
| THIS DOCUMENT RELATES TO: | ) | |
| *United States of America ex rel. Ven-A-Care of* | ) | Judge Patti B. Saris |
| *the Florida Keys, Inc., by and through its principal* | ) | |
| *officers and directors, Zachary T. Bentley and* | ) | |
| *T. Mark Jones v. Actavis Mid Atlantic LLC, et al.* | ) | |

## ORDER OF DISMISSAL WITH PREJUDICE OF CERTAIN CLAIMS AGAINST SANDOZ

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act (31 U.S.C. §§3729-3733), Relator Ven-A-Care of the Florida Keys, Inc. (the "Relator") and Sandoz Inc. (f/k/a Geneva Pharmaceuticals, Inc.), ("Sandoz") (Sandoz together with Relator collectively the "Parties") filed with this Court, a Stipulation of Dismissal and Motion for Order of Dismissal with Prejudice as to Certain Claims Against Sandoz providing for the dismissal of claims, and only those claims, relating to the Texas Medicaid Program. Upon due consideration of the Stipulation and the Parties' Settlement Agreement and Release, the United States' Consent, the lack of objection to the proposed Settlement, and the Court's determination that the Settlement Amount appears to the Court to be fair, adequate, and reasonable under all the circumstances, the Court hereby approves the Settlement.

WHEREFORE, IT IS ORDERED, that

1. Consistent with the terms of the Settlement Agreement and Release (attached to the Consent of the United States as Exhibit 1), the above captioned Civil Action is dismissed, in part, with prejudice as to Sandoz only as to the claims relating to the federal share of Medicaid overpayments by the Texas Medicaid Program.

2. This Order resolves all claims against Sandoz for the federal share of Medicaid program payments by the Texas Medicaid Program and brought in the above-captioned Civil Action. This Order shall in no way prejudice or limit any claims for a state's share or for the federal share of Medicaid overpayments relating to any state other than Texas.

3. Each party shall be responsible for its own expenses, attorneys' fees, and costs.

4. The Court shall retain jurisdiction to enforce the terms, conditions, and releases of the Parties' Settlement Agreement and Release to the extent reasonably necessary and appropriate.

IT IS SO ORDERED this ___ day of _____, 2011.


_____
THE HONORABLE PATTI B. SARIS
UNITED STATES DISTRICT COURT JUDGE